## Grace Evangelical Lutheran Church of Norristown Petition

*H. Ober Hess* and *M. Paul Smith*, for petitioner.

HOLLAND, P. J., December 7, 1951.—The court is presented for the first time with a petition filed under

section 9 of the Estates Act of April 24, 1947, P. L. 100, for the combination for investment purposes of several charitable trusts. The petition is filed by the Grace Lutheran Church of Norristown, and its allegations refer to six different trusts.

Under the first, $108.06 is held by the Montgomery Trust Company as trustee under a will which directs payment of the income to the church to be used by it for the upkeep of a certain grave and the balance to be "applied toward the repairs of said Church." As to the second trust the church is trustee of a fund of $577.49 under a will which provides that the income be used "for foreign missionary work in Japan as the Pastor of Grace Lutheran Church may direct." The church is also trustee of the third trust, comprising a fund of $385, one half of the income of which is "to be used for the spread of the Gospel" and the other half "for the benefit of the Church." Likewise the church is trustee of the fourth fund of $500, held under a will, which directs that the income be used "to purchase and repair pulpit gowns for the Pastor." The fifth fund of $100 was also given to the church as trustee to use the income to purchase flowers once each year "to be placed on the altar of the Church." The sixth fund, in the amount of $2,435.46, is held by the Montgomery Trust Company as trustee to pay the income to the church to be used "towards the education for the ministry of any young man or men, members of said Church" and if there be no candidate the church is directed to pay the income to Muhlenberg College, a long established institution of the Lutheran Church.

The petition requests leave to pool all these funds for investment in the hands of the Montgomery Trust Company as trustee with income payable to petitioner for allocation to each of the several objects in the proportion that the capital funds now held for each

bears to the total. The Montgomery Trust Company has appended to the petition its consent to serve as trustee of the combined fund if the petition is granted.

There can be no doubt that the orphans' court has jurisdiction of all trusts of this character, whether the gift is made in the instrument by naming a specific trustee legally capable of administering a trust or whether the gift is direct to the corporation but with directions as to the purposes for which it is to be used: Wilson, Mayor, v. Board of Directors of City Trusts et al., 324 Pa. 545; Craig Estate, 356 Pa. 564.

The wisdom of the course suggested in the petition is apparent, and the court is satisfied that the law makes adequate provision for it. Indeed, the recent policy of the General Assembly seems to have been to give definite encouragement to greater efficiency in the administration of charitable and cemetery trusts by permitting pooling and combination. As to cemetery trusts see Acts nos. 134, 135 and 270 of 1951. For further example, the Act of May 9, 1947, P. L. 196, amended the Nonprofit Corporation Law of 1933, P. L. 289, to permit all such corporations to establish "common trust funds . . . for the collective investment and reinvestment of moneys of trusts, and any other funds contributed thereto by such corporation, as fiduciary or otherwise." It may be that this statute would not permit the nonprofit corporation to designate a professional fiduciary as trustee of the common fund, or to place in the pool funds of which others than that corporation are trustee. But it is not necessary to decide these points here, because section 9 of the Estates Act of April 24, 1947, P. L. 100, clearly covers the pending situation. It provides:

"Whenever two or more trusts heretofore have been or hereafter shall be created for substantially the same charitable purposes, and the court having jurisdiction over any such trust, upon the application of any party

in interest, shall find that they can be more effectively administered if they are combined, the court in its discretion, after such notice as the court shall direct, may combine them in the manner and to the extent that the court shall approve, but not so as to violate any express provision to the contrary in any conveyance creating any of the trusts so combined."

The court is satisfied that the trusts summarized herein, and more fully explained in the petition, are for substantially the same charitable purposes. The income of all of them is allocated either to the use of the local parish or to the benevolences which it regularly supports. A more substantial similarity could hardly be desired. A finding that more effective administration will result is required by the statute, and is readily made, and the court is also satisfied that there is no express contrary provision in any instrument of conveyance involved. Accordingly the following order is hereby entered:

And now, December 7, 1951, upon consideration of the within petition, it is hereby ordered, adjudged and decreed that:

1. It is hereby authorized that the following trust funds mentioned in the within petition be combined for investment purposes under the management of Montgomery Trust Company as trustee:

| | |
|---|---|
| Josiah Christman Fund | $108.06 |
| Mary Amanda Fleck Fund No. 1 | 577.49 |
| Mary Amanda Fleck Fund No. 2 | 385.00 |
| Mary A. Yocum Fund | 500.00 |
| Alice Annie Kenderdine Fund | 100.00 |
| A. Mabel Krauser Fund | 2,435.46 |

2. The trustee may invest in investments authorized for fiduciaries under the Fiduciaries Investment Act of 1949, and any amendments, supplements or reenactments thereof.

3. The trustee shall, no less frequently than annually, pay to Grace Evangelical Lutheran Church of Norristown the net income from the combined fund with a statement of the proper proportion which is applicable to the objects of each separate fund which becomes a component of the combined fund.